United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 18, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-51147
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EDUARDO GARCIA,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:04-CR-904-ALL
--------------------

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Eduardo Garcia (Garcia) appeals his jury-trial convictions

for importation of and possession with intent to distribute

marijuana, in violation of 21 U.S.C. §§ 841, 952, and 960.

Garcia argues that the evidence presented at trial was

insufficient to prove beyond a reasonable doubt that he knew that

marijuana was hidden in the vehicle that he was driving.  He

contends that the circumstantial evidence presented at trial

could equally support explanations of innocence or guilt.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Although the jury may ordinarily infer the defendant's guilty knowledge from his control over a drug-laden vehicle, if the drugs are contained in a hidden compartment, as in this case, this court requires additional circumstantial evidence that demonstrates guilty knowledge. United States v. Villarreal, 324 F.3d 319, 324 (5th Cir. 2003).

At the point of his detention, Garcia exhibited nervous behavior in the presence of federal agents. Based on the actions described by the inspectors, the jury could have reasonably inferred that Garcia was nervous concerning the discovery of the marijuana in the car.

Garcia's inconsistent statements to the federal agents and during the course of his trial testimony also constitute evidence of his guilty knowledge. United States v. Diaz-Carreon, 915 F.2d 951, 954-55 (5th Cir. 1990). His implausible explanations for his actions may be viewed as evidence of guilt. Id. at 955. Finally, the amount and value of the marijuana discovered in his vehicle supports the jury's finding of guilty knowledge. Villarreal, 324 F.3d at 324. The jury could have rationally inferred that Garcia would not be entrusted with such valuable cargo if he had not been a knowing participant in a drug-smuggling scheme.

The evidence presented at trial was sufficient to allow a rational jury to find that Garcia had knowledge of the marijuana

in the car.  <u>United States v. Ortega-Reyna</u>, 148 F.3d 540, 543

(5th Cir. 1998).  Accordingly, Garcia's convictions are AFFIRMED.